JAMES P. WHITNEY *vs.* BENJAMIN F. BAYLEY.

The introduction of immaterial evidence is no ground for a new trial, if the jury are instructed to disregard it, and there is no reason to apprehend that it could have prejudiced the minds of the jurors.

The jury may properly be left to draw inferences from the conduct of a party to a suit, in omitting to testify himself, and to call witnesses who are present in court and are shown to have knowledge of material facts.

If an officer, in an action against him by a mortgagee for the conversion of personal property, justifies the taking under a single writ of attachment against the mortgagor, and it appears that the value of goods which were taken and sold by him was very much larger than the amount which the writ ordered him to attach, he cannot be permitted to introduce evidence to show that he held the surplus remaining, after satisfying the claim in the writ, to be applied to the satisfaction of other attachments.

TORT against a deputy sheriff for the conversion of certain boots and shoes and other personal property. The defendant justified the taking under a writ placed in his hands for service in favor of B. F. Doak against E. W. Hunt, dated March 4, 1858. The plaintiff claimed the goods under a mortgage to him from Hunt, dated February 24, 1858.

At the trial in the superior court, before *Vose,* J., after the plaintiff had established a *prima facie* case, the defendant introduced evidence tending to show that the mortgage to the

plaintiff was fraudulent as against creditors, and the writ in favor of Doak against Hunt was read, directing an attachment to the amount of $400, the claim therein sought to be recovered being about $300. Upon this writ, the defendant attached all the property covered by the mortgage, which a witness testified was worth $1500. The defendant was allowed, under objection, to read the pleadings in that suit, "for the purpose of showing the issue raised and determined in that cause, and as explaining how certain testimony bearing on and relating to the mortgage set up by the plaintiff in the present cause became material in the trial of said action;" among which was a plea in abatement, wherein Hunt prayed judgment for want of jurisdiction in the court over him, and alleged that he had no place of business in Boston at the date of the writ. The judge instructed the jury that no statement in the plea of abatement was to affect the plaintiff, or to be considered by them as evidence of the facts therein stated.

The plaintiff and Hunt were both present in court, but neither was examined as a witness; and the judge instructed the jury that this omission was a proper subject for their consideration; that either party had the right to use them as witnesses, and it was for the jury to determine what inference they would draw from the omission, as affecting the character of the mortgage.

The defendant introduced in evidence the original execution issued in favor of Doak in his suit against Hunt, and his return thereon, by which it appeared that, after satisfying the amount thereof, he had in his hands the sum of $1074.48, which he held to be applied to the satisfaction of other attachments. The plaintiff requested the judge to instruct the jury that "the right of the defendant to justify under his process of attachment is only to the extent of the amount of said attachment; that if it appears from all the evidence that, after deducting the amount of the attaching creditors' claims, there is any surplus remaining in the hands of the attaching officer, the plaintiff is entitled to recover the same; that the writ of attachment set up, and under which the defendant seeks to justify, being only for the amount of $400, and it appearing from the evidence that the defendant

attached property on this writ of the value of not less than $1500, and only setting forth this writ in his answer, he cannot rely upon any other writ or attachment; that if the jury find that, after applying the property attached to the settlement of the claims of the attaching creditors, there remained a surplus in the hands of the defendant, the plaintiff was entitled to recover that surplus; that, it appearing by the officer's return upon the execution issued in the case in which the defendant made the attachment under which he seeks to justify, the officer received the net amount of $1459, and, after applying a part thereof to the satisfaction of the attaching creditor's claim, he had in his hands the sum of $1074.48, the plaintiff was, under the answer of defendant, entitled to recover that amount."

The judge declined so to instruct the jury, but did instruct them that as this was not a suit against the officer for an abuse of process in making an excessive attachment, or for not applying moneys in his hands to the satisfaction of any debt of the plaintiff, or for money in the hands of the officer, it was immaterial in this suit what became of the surplus in the officer's hands after satisfying the execution of Doak; that if they were satisfied that the defendant was justified in making the attachment, in consequence of the fraudulent character of the mortgage, the jury should find for the defendant, without reference to the fact that he held a surplus after paying Doak's debt.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*E. Avery*, for the plaintiff.

*M. Dyer, Jr.*, for the defendant.

METCALF, J. The jury having been instructed that they were not to consider as evidence the matters alleged in the plea in abatement filed by Hunt in Doak's action against him, the plaintiff has no legal ground of exception to the admission of that plea in evidence. There is no reason to apprehend that its admission could have prejudiced the minds of the jurors. *Batchelder* v. *Batchelder*, 2 Allen, 105. *Ellis* v. *Short*, 21 Pick. 142.

The jury were rightly instructed that it was for them to consider and determine what inference they would draw from

the omission to call as witnesses the mortgagor, mortgagee, and another person who had knowledge of the mortgage and of the circumstances attending it. *Commonwealth* v. *Clark*, 14 Gray, 373.

But we are of opinion that the defendant was wrongly allowed to give evidence which was not admissible under his answer. The answer sets forth, in justification of the charge in the plaintiff's declaration, a single attachment of the mortgaged goods on Doak's writ against the plaintiff. It appeared in evidence that this writ directed an attachment to the amount of four hundred dollars only, but that the defendant attached to the amount of fifteen hundred dollars or more. And the defendant was permitted to give in evidence an execution sued out by Doak, and a return thereon which stated that the defendant had sold all the mortgaged goods which he had attached, and, after satisfying said execution, held in his hands more than a thousand dollars to be applied to the satisfaction of other attachments. This might have been a perfect defence to the action, if it could legally have been given in evidence. But as the answer gave to the plaintiff no notice of such a defence, the evidence was inadmissible, and the plaintiff is entitled to a new trial. If, on such trial, the defendant shall obtain leave to amend his answer, he will succeed in his defence, on proving that he attached the mortgaged goods on several writs, and sold the whole of them on executions obtained by Hunt's creditors, against whom the mortgage was fraudulent and void, and applied the whole proceeds of the sale towards satisfaction of such executions.

The judge at the trial seems to have held that the plaintiff could not recover in this action, — which is trover, except in name and form of declaration, — even if the defendant were answerable to him for an excessive attachment. On this question we express no opinion. *New trial granted.*